IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES FITZPATRICK,**

    **Plaintiff,**

v.

**WEXFORD HEALTH SOURCES, INC., et al.,**

    **Defendants.**

Case No. 20-CV-01218-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Charles Fitzpatrick filed this action on November 9, 2020 seeking to recover damages for what he alleged was the deliberate indifference of various prison administrative and healthcare personnel at Menard Correctional Center. (*See* Doc. 1). This Court granted two Motions for Summary Judgment and dismissed this case with prejudice on September 10, 2024—the first was filed by Defendants Alisa Dearmond, Michael Moldenhauer, Mohammed Siddiqui, Wexford Health Sources, Inc., and Mary Jo Zimmer (Doc. 88) and the second was filed by Defendants Rob Jeffreys and Anthony Wills (Doc. 91). (*See* Doc. 98).

Now pending before the Court is the Bill of Costs filed by Defendants Rob Jeffreys and Anthony Wills on September 18, 2024. (Doc. 100). In that filing, Jeffreys and Wills seek to recover $730 in Fees of the Clerk paid to obtain the transcript of Fitzpatrick's Deposition. (*See id.*).

Fitzpatrick timely filed his Objections to the Bill of Costs on October 1, 2024, arguing that he is indigent as indicated by his *pro se* status and the fact that he filed

his Complaint *in forma pauperis* ("IFP"). (*See* Docs. 1, 5, 8). He does not object to the fee outright, but rather asks for a payment option like that assessed for his $350 filing fee in the instant case. (*See* Doc. 8).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

However, costs do not include all litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981). 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under [S]ection 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [S]ection 1828 of this title.

The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. *See Rivera,* 469 F.3d at 634. To

consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future'"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, however, the Court finds that Fitzpatrick has not met his threshold burden of showing that he is incapable of paying. The Court granted Fitzpatrick IFP status on November 19, 2020. (*See* Doc. 8). Fitzpatrick's Motion for Leave to Proceed IFP indicated a balance of $105.10 in his prison trust fund account at the time. (Doc. 5, p. 6). Fitzpatrick was assessed a partial filing fee of $36.76 with the remainder of the $350.00 filing fee to be assessed by monthly payments of 20% of the preceding month's income credited to his account until the full balance was paid. (Doc. 8).

However, Fitzpatrick has filed neither an affidavit nor any other evidence indicating his current income/assets and expenses nearly four years later. He only states that he is unable to pay. (*See* Doc. 8). Thus, the Court finds that Fitzpatrick has not met his burden to show that he is incapable of paying the assessed costs either now or in the future. The Court, therefore, cannot rely on the indigency exception to deny Defendants Jeffreys and Wills' costs.

Accordingly, based on the submissions of the parties and on the Court's

findings, Plaintiff Charles Fitzpatrick's Objection to Bill of Costs (Doc. 102) is **OVERRULED**. Defendants Rob Jeffreys and Anthony Wills's Bill of Costs (Doc. 100) is **ACCEPTED**. The Clerk of Court is **DIRECTED** to tax Plaintiff Fitzpatrick in the amount of $730.00.

**IT IS SO ORDERED.**

**DATED: October 15, 2024**

                                                  s/ *Stephen P. McGlynn*
                                                  **STEPHEN P. McGLYNN**
                                                  **U.S. District Judge**